UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD MADDOX | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| COMPASS GROUP USA, INC., CANDY DANCER, LLC, DIAMOND OFFSHORE COMPANY and CANDY FLEET, L.L.C. | * * * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes RONALD MADDOX, a person of the full age of majority and a resident of the State of Texas, and for his Complaint for Damages, he respectfully avers as follows:

1.

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1331 and 1333.  Venue is proper in accordance with 28 U.S.C. § 1391 (b) (1).

2.

Made Defendants herein are:

1. COMPASS GROUP USA, INC., on information and belief a foreign corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its registered office in Louisiana located at 320 Somerulos St., Baton Rouge, LA  70802-6129, and at all times pertinent hereto, the employer of RONALD MADDOX.

2. CANDY DANCER, LLC, on information and belief, a Louisiana limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment in

1

        Louisiana located at 1207 Front Street, Morgan City, LA 70380, and at all times pertinent hereto, the owner, owner *pro hac vice*, charterer and/or operator of the M/V CANDY DANCER.

3. DIAMOND OFFSHORE COMPANY, on information and belief, a non-Louisiana business corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment located at 15415 Katy Freeway, Houston, TX 77094, and at all times pertinent hereto the owner, owner *pro hac vice*, charterer and/or operator of the OCEAN KING, an independent leg cantilever jackup Le Tourneau Class 116-S rig, and, upon information and belief, employer of the crane operator working aboard said jack-up vessel on or about February 26, 2014.

4. CANDY FLEET, L.L.C., on information and belief, a Louisiana limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment in Louisiana located at 1207 Front Street, Morgan City, LA 70380, and at all times pertinent hereto, the owner, owner *pro hac vice*, charterer and/or operator of the M/V CANDY DANCER.

3.

RONALD MADDOX was at all times mentioned herein a seaman and employee of Defendant, COMPASS GROUP USA, INC., a company providing offshore catering services to Defendant, DIAMOND OFFSHORE COMPANY, aboard the OCEAN KING. RONALD MADDOX was *en route* to the OCEAN KING to perform his duties as a catering hand and the Defendants are liable unto him under the admiralty law known as the Merchant Marine Act,

modified and commonly known as the Jones Act, 46 U.S.C. § 30104, and/or alternatively pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the laws and statutes of the State of Louisiana.

4.

On or about February 26, 2014, RONALD MADDOX was *en route* to the OCEAN KING. He was being transported to its location in the Gulf of Mexico aboard the M/V CANDY DANCER. When the M/V CANDY DANCER arrived at the location, personnel basket transfers of the personnel boarding the OCEAN KING were commenced. As several men, including RONALD MADDOX, were waiting to board the personnel basket for a transfer, the M/V CANDY DANCER suddenly struck the OCEAN KING causing several men, including RONALD MADDOX, to be thrown about and strike themselves in the process, causing injury. Upon information and belief, the M/V CANDY DANCER struck the OCEAN KING at least two more times. During RONALD MADDOX's personnel basket transfer, the basket struck the cargo rail of the M/V CANDY DANCER, tilted and caused RONALD MADDOX to fall to the deck of the boat.

5.

RONALD MADDOX was in no manner negligent. On information and belief, RONALD MADDOX alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the negligence and/or failure of the Defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, and the unseaworthiness of the M/V CANDY DANCER and the OCEAN KING in the following respects:

1. Failure to provide RONALD MADDOX with a safe place to work and safe transfer from the M/V CANDY DANCER to the OCEAN KING;

2. Attempting to carry out personnel basket transfers in dangerous, inclement weather and sea conditions including, but not limited to, high winds and rough seas;

3. Failure to provide a safe, competent operator and crew on the M/V CANDY DANCER;

5. Failure to provide a safe, competent crane operator on the OCEAN KING;

6. Failure to timely abort personnel basket transfer operations;

7. Failure to abandon personnel basket transfer operations after the M/V CANDY DANCER struck the OCEAN KING the first time;

8. Negligently operating the M/V CANDY DANCER in such a manner as to strike or collide with the OCEAN KING;

10. Negligently operating the crane and personnel basket on the OCEAN KING in an unsafe, hazardous manner such as to cause injury to RONALD MADDOX;

11. Negligent failure of the operator and crew of the M/V CANDY DANCER to exercise stop work authority;

12. Negligent failure of the crane operator on board the OCEAN KING to exercise stop work authority;

13. Negligent failure of the crane operator on board the OCEAN KING and the operator of the M/V CANDY DANCER to perform any and/or an inadequate job safety analysis ("JSA") prior to undertaking personnel basket transfers;

14. Unseaworthiness due permitting unreasonably dangerous methods of operation including, but not limited to, personnel transfers in hazardous weather and sea conditions;

15. Unseaworthiness due to improperly allowing unsafe method of work, including crane operations;

16. Unseaworthiness due to failure to properly train and/or instruct and/or supervise crew (as to M/V CANDY DANCER);

17. Unseaworthiness due to failure to properly train and/or instruct and/or supervise crane operator (as to OCEAN KING);

18. Unseaworthiness due to operator incompetence (as to M/V CANDY DANCER);

19. Unseaworthiness due to operator incompetence (as to OCEAN KING crane operator);

20. Other acts of negligence and/or unseaworthy conditions to be established at trial

6.

Solely by reason of the negligence of the Defendants and the specific acts and omissions and unseaworthy conditions described herein, RONALD MADDOX sustained serious injuries including but not limited to the following: injury to his neck, shoulders, hips, buttocks, back and legs as well as traumatic injury to his mind and body.

7.

As a result thereof, RONALD MADDOX has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

8.

As a result of the aforesaid negligence on the part of the Defendants herein, RONALD MADDOX has in the past and will in the future incur a loss of wages and/or earning capacity and employment/fringe benefits as well as past and future physical and mental pain and suffering, past and future loss of enjoyment of life and other damages to be shown at the trial of this matter. Defendants are further liable unto RONALD MADDOX for legal interest from the date of occurrence, reasonable attorney's fee, and all costs of these proceedings.

9.

Plaintiff repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which Plaintiff received while in the course and scope of his employment aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about February 26, 2014.  Pursuant to the General Maritime Laws of the United States of America, Defendants have an absolute and non-delegable duty or obligation to provide Plaintiff with

maintenance and cure benefits from the date of his injury until full recovery or maximum medical improvement is reached by Plaintiff.

10.

Thus, the Defendants are indebted unto the Plaintiff for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from February 26, 2014, until such time as he reaches maximum medical improvement, or such amount as Plaintiff proves to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

11.

Defendants have refused and/or failed to timely pay Plaintiff's maintenance and cure benefits to RONALD MADDOX.  Said refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious and/or otherwise without cause; thus, Defendants are additionally liable unto Plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

WHEREFORE, RONALD MADDOX prays that his Complaint for Damages be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1. That there judgment in favor of RONALD MADDOX, and against the Defendants, COMPASS GROUP USA, INC., CANDY DANCER, LLC, DIAMOND OFFSHORE COMPANY and CANDY FLEET, L.L.C. jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs and for any and all other relief which the law and justice provide.

        Respectfully submitted,

/s/ Kristi A. Post
Lawrence Blake Jones  (7495)
Kristi A. Post (17752) – T.A.
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
E-mail:  kpost@nola-law.com
*Attorneys for Ronald Maddox*

**PLEASE SERVE:**

**Compass Group USA, Inc.**
**Through its registered agent for service of process:**
**Corporation Service Company**
**320 Somerulos St.**
**Baton Rouge, LA  70802-6129**

**Candy Dancer, LLC**
**Through its registered agent for service of process:**
**Kenneth I. Nelkin**
**1207 Front St.**
**Morgan City, LA  70380**

**Diamond Offshore Company**
**Through its registered agent for service of process:**
**CT Corporation System**
**5615 Corporate Blvd., Ste. 400B**
**Baton Rouge, LA  70808**

**Candy Fleet, L.L.C.**
**Through its registered agent for service of process:**
**Kenneth I. Nelkin**
**1207 Front St.**
**Morgan City, LA  70380**